| | |
|---|---|
| **GAMIL GAMAL YOUSSEF GAMIL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | |
| ) | **NO. 3:26-cv-01097** |
| **TODD BLANCHE, Acting Attorney** ) | |
| **General of the United States;** ) | |
| **CHRISTOPHER BULLOCK, Field** ) | |
| **Office Director of the New Orleans Field** ) | |
| **Office, U.S. Immigration and Customs** ) | |
| **Enforcement;** ) | |
| **DAVID VENTURELLA, Acting Director** ) | |
| **of U.S. Immigration and Customs** ) | |
| **Enforcement; and** ) | |
| **MARKWAYNE MULLIN, Secretary of** ) | |
| **the U.S. Department of Homeland** ) | |
| **Security,** ) | |
| ) | |
| **Respondents.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Gamil Gamal Youssef Gamil's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 and Complaint for Declaratory and Injunctive Relief ("Petition"), which is fully briefed. (Doc. Nos. 1, 10).

### I.      Introduction

Gamil is a native of Egypt who entered the United States in July 2023. (Doc. No. 1 at ¶ 17). On July 25, 2023, the Department of Homeland Security ("DHS") released him on his own recognizance with standard supervision conditions, including to report as directed and not violate any laws. (<u>Id.</u> at ¶ 11). Since being released, Gamil has fully complied with his supervision conditions. (<u>Id.</u> at ¶ 13). He has been steadily employed with authorization from DHS that is valid

1

through August 11, 2029.  (Id. at ¶ 14).  He pays taxes, has no criminal record, and has close family in the United States.  (Id. at ¶¶ 13, 14).  Gamil is currently in removal proceedings before the Memphis Immigration Court, with his next hearing scheduled for November 15, 2027.  (Id. at ¶ 15).  Nevertheless, on August 3, 2026, while voluntarily appearing for a routine check-in, Gamil was taken into ICE custody without a bond hearing.  (Id. at ¶ 17).

## II.     Analysis

Gamil argues that he is detained in violation of the Fifth Amendment Due Process Clause and Section 1225(b)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(2)(A).  (Id. at ¶¶ 26–40).  Respondents concede that the Sixth Circuit's decision in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), controls this case.  (Doc. No. 10 at 1–2).  In Raycraft, the Sixth Circuit held that detentions without bond hearings under 8 U.S.C. § 1225(b)(2)(A) are unlawful under the INA and violate the Due Process.  175 F.4th at 732, 734. The court reasoned that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to people who are not seeking admission or lawful entry into the United States.  See id. at 732. Instead, 8 U.S.C. § 1226(a)'s permissive detention scheme applies to people who are already in the United States.  Id. at 731–32.  Moreover, detaining people without bond deprives them of their liberty and due process rights.  Id. at 734.

Gamil was already residing in the United States when he was detained.  Accordingly, Raycraft governs his detention and Respondents are prohibited from detaining him without bond, both under the Due Process Clause and the INA.  Nevertheless, Respondents once again flouted the Sixth Circuit's mandate.  See, e.g., Valle v. Bullock, No. 3:26-CV-00994, 2026 WL 2257330 (M.D. Tenn. Aug. 5, 2026) (unlawfully detaining an immigrant under the same circumstances as this case, in contravention of Raycraft); Tejada-Perez v. Bullock, No. 3:26-cv-00612 (M.D. Tenn.

June 5, 2026) (same). Recognizing that Gamil's detention is unlawful under Raycraft, Respondents still ask the Court to keep him in detention, and that "should the Court Order that [Gamil] be provided a custody redetermination hearing, such hearing not be set earlier than ten (10) business days after issuance of the order." (Doc. No. 10 at 2). Respondents also request that the Court abstain from ruling on Gamil's constitutional claims and instead rely only on statutory analysis under 8 U.S.C. § 1226(a). (Id. at 2). The Sixth Circuit's decision in Raycraft says otherwise. Applying Raycraft. Gamil's detention is unlawful and he is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3) (stating that habeas relief is available to prisoner "in custody in violation of the Constitution or laws . . . of the United States"). The Court declines Respondents' request to prolong Gamil's unlawful detention. See Wilson v. Williams, 961 F.3d 829, 838 (6th Cir. 2020) ("The Supreme Court has held that release from confinement . . . is 'the heart of habeas corpus.'") (citation omitted).

### III. Conclusion

Gamil's petition for writ of habeas corpus (Doc. No. 1) is **GRANTED**. Respondents are ordered to immediately release Gamil from custody. Respondents are permanently **ENJOINED** from re-detaining Gamil without bond during the pendency of his immigration proceedings.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE